UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL CHARLES MINTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:22-cv-01253 (UNA) |
| ) | |
| AMANDA BLAIR DELMASTRO, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff Michael Charles Minter has filed a *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court will grant the IFP application, and for the reasons explained below, will dismiss the complaint without prejudice.

Minter, a resident of Albany, Oregon, sues Amanda Blair Delmastro, a resident of Portland, Oregon. He also sues unspecified John and/or Jane Does. As to the latter, however, the Local Rules of this court state that a plaintiff "filing *pro se in forma pauperis* must provide in the [complaint] caption the name and full residence address or official address of each defendant." D.C. LCvR 5.1(c)(1). Minter alleges that Delmastro has stalked, harassed, and threatened his "household, church, church members," causing him "extreme emotional distress." He contends that, despite police intervention, Delmastro persists in this behavior. He demands damages and a permanent restraining order against her.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts

1

that bring the suit within the court's jurisdiction.  *See* Fed. R. Civ. P. 8(a).  Failure to plead such facts warrants dismissal of the action.  *See* Fed. R. Civ. P. 12(h)(3).

First, Minter's claims unquestionably fail to raise a federal question.  Second, both Minter and Delmastro are located in Oregon, so there can be no diversity jurisdiction.  *See Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)) ("For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant.").  Therefore, this court cannot exercise subject matter jurisdiction over this matter.  Third, there is absolutely no connection raised between the subject matter of this lawsuit, or the parties, to the District of Columbia, therefore, Minter has also failed to establish venue.  *See* 28 U.S.C. § 1391(b); *see also* 28 U.S.C. § 1406(a).

For all of these reasons, this case will be dismissed without prejudice.  A separate order accompanies this memorandum opinion.

Dated: May 25, 2022

TREVOR N. McFADDEN
United States District Judge